**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDEL CRUZ FLETES, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   20-70671 <br><br> Agency No. A098-598-530 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Immigration Judge

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Fidel Cruz Fletes, a native and citizen of Honduras, petitions for review of

an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he

did not have a reasonable fear of persecution or torture in Honduras and is thus not

entitled to relief from his reinstated removal order.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review an IJ's negative reasonable fear determination for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We dismiss in part and deny in part the petition for review.

To the extent Cruz Fletes raises an imputed political opinion claim, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised below).

Substantial evidence supports the IJ's determination that Cruz Fletes failed to demonstrate a reasonable possibility of persecution in Honduras on account of a protected ground. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (imputed wealthy returnee social group not cognizable); *Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151-52 (9th Cir. 2010) (returnee-based social group not cognizable).

Substantial evidence also supports the IJ's determination that Cruz Fletes failed to demonstrate a reasonable possibility of torture by or with the consent of the government if returned to Honduras. *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with state action).

20-70671

We reject as unsupported by the record Cruz Fletes' contention that the IJ violated his right to due process.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 2) and supplemental motion for a stay of removal (Docket Entry No. 8) are otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**